# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

No. 15-60333

SANDERSON FARMS, INCORPORATED; SANDERSON FARMS, INCORPORATED (PROCESSING DIVISION),

Plaintiffs - Appellants

v.

NATIONAL LABOR RELATIONS BOARD; M. KATHLEEN MCKINNEY, in her Official Capacity as Regional Director of Region 15,

Defendants – Appellees

No. 15-60820

NATIONAL LABOR RELATIONS BOARD,

Plaintiff - Appellee

v.

SANDERSON FARMS, INCORPORATED,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CV-126
USDC No. 2:14-MC-201

No. 15-60333

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

These consolidated appeals require us to determine whether the district court properly dismissed appellants' suit against the NLRB for lack of subject-matter jurisdiction and whether the district court properly enforced the NLRB's administrative subpoenas against appellants. For the reasons that follow, we AFFIRM.

I.

Local 693 of the Laborers' International Union of North America ("LIUNA") was the recognized collective bargaining representative for certain employees at two of Sanderson Farms'[1] processing plants. Between 2011 and 2013, Local 693 and one of its members filed several unfair labor practice charges with the NLRB (the "Board") against Sanderson Farms. After an initial investigation, the Board deferred the charges to the parties' grievance procedures. In 2013, LIUNA placed Local 693 into trusteeship. Soon thereafter, the deputy trustee requested permission to withdraw the unfair labor practice charges. The Board rejected that request, however, and notified Sanderson Farms that it would revoke its deferrals, investigate further, and otherwise resume processing of the charges. In notifying Sanderson Farms, the Board represented that its decision was based in part on the discriminatees' wishes to proceed.[2] Sanderson Farms disputed—and continues to dispute—that the discriminatees actually wished to proceed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Two related Sanderson Farms entities are involved in this matter; for ease of reference, we refer to them collectively as "Sanderson Farms."

[2] The Board also cited the related nature of the charges and Local 693's failure to pursue the grievance procedures.

No. 15-60333

The Board proceeded to investigate the charges. Because Sanderson Farms refused to cooperate, the Board issued subpoenas, which Sanderson Farms resisted by filing petitions with the Board to revoke the subpoenas. The Board denied those petitions and filed a subpoena enforcement proceeding in federal district court. The district court held that the subpoenas sought relevant and necessary information, and thus issued an order enforcing them. *NLRB v. Sanderson Farms, Inc.*, No. 2:14-MC-201, 2015 WL 7302749 (S.D. Miss. Nov. 18, 2015). Sanderson Farms appealed that order.

Meanwhile, Sanderson Farms sued the Board and the involved Regional Director in district court, alleging that the Board violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., by failing to withdraw the charges and by dishonestly justifying its refusal to withdraw. The Board moved to dismiss for lack of subject-matter jurisdiction, and the district court granted the motion. *Sanderson Farms v. NLRB*, No. 2:14-CV-126, 2015 WL 1711618 (S.D. Miss. Apr. 15, 2015). Sanderson Farms appealed that order as well.

A motions panel of this court stayed enforcement of the subpoenas pending the outcome of the second appeal; consolidated the two appeals; and expedited them.

## II.

We review a district court's dismissal for lack of subject-matter jurisdiction de novo. *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). We review a district court's order enforcing an NLRB subpoena for abuse of discretion. *NLRB v. G.H.R. Energy Corp.*, 707 F.2d 110, 113 (5th Cir. 1982).

## III.

The Board has not issued a final order here that would be subject to our review under section 10(f) of the National Labor Relations Act. 29 U.S.C. § 160(f). Put another way, Sanderson Farms has not exhausted its

3

administrative remedies. *See Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 51-52 (1938). And under section 10(f), a final agency determination would be subject to review by a court of appeals, not by a district court.

Recognizing its failure to exhaust, Sanderson Farms argues the district court had subject-matter jurisdiction under the exhaustion exception created in *Leedom v. Kyne*, 358 U.S. 184 (1958). There, the Supreme Court outlined "only a narrow and rarely successfully invoked exception to the doctrine that exhaustion of administrative procedures is a condition precedent to federal court jurisdiction." *United States v. Feaster*, 410 F.2d 1354, 1368 (5th Cir. 1969). Under *Leedom*, district courts have subject-matter jurisdiction to review an agency action (1) "when an agency exceeds the scope of its delegated authority or violates a clear statutory mandate," and (2) if the aggrieved party would be deprived of a meaningful opportunity for judicial review. *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 293 (5th Cir. 1999); *see Bd. of Governors of Fed. Reserve Sys. v. MCorp Fin. Inc.*, 502 U.S. 32, 43 (1991) (explaining that deprivation of meaningful review was central to Court's holding in *Leedom*).

But *Leedom* plainly does not apply here. Sanderson Farms premises jurisdiction on the Board's refusal to withdraw the charges against it. Yet as we have recognized, the decision whether to withdraw a charge is committed to the Regional Director's discretion. *See, e.g.*, *Gulf States Mfrs., Inc. v. NLRB*, 598 F.2d 896, 900-02 (5th Cir. 1979); *NLRB v. United Packinghouse Workers of Am., AFL-CIO*, 274 F.2d 816, 817 (5th Cir. 1960); *see also* 29 C.F.R. § 102.9 (providing that charges may be withdrawn on request "only with the consent of the regional director"). Thus, Sanderson Farms has not identified a "'plain' violation of an unambiguous and mandatory provision of the statute." *Herman*, 176 F.3d at 293 (citing *Boire v. Miami Herald Pub. Co.*, 343 F.2d 17, 21 (5th Cir. 1965)). Sanderson Farms points only to the Board's exercise of its

prosecutorial discretion, which is unreviewable. *See NLRB v. United Food & Commercial Workers Union, Local 23, AFL-CIO*, 484 U.S. 112, 129 (1987).

What is more, even if the Board had exceeded the scope of its delegated authority or had violated a clear statutory mandate here—which it has not—Sanderson Farms has not been deprived of "a meaningful and adequate means of vindicating its statutory rights." *MCorp*, 502 U.S. at 43. Rather, following the Board's issuance of a final order, Sanderson Farms would be entitled under section 10(f) to an enforcement proceeding, during which "all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination." *Myers*, 303 U.S. at 49; 29 U.S.C. § 160(f). Sanderson Farms thus met none of *Leedom*'s requirements.

Sanderson Farms disagrees. It asserts that in *Bokat v. Tidewater Equipment Co.*, 363 F.2d 667 (5th Cir. 1966), we "recognized that falsity, if established in the record, would meet [*Leedom*'s] 'extraordinary circumstances' test to sustain jurisdiction and court intervention." We did not. To begin with, *Leedom* does not provide a free-floating "extraordinary circumstances" test; it provides a "narrow" exception with "painstakingly delineated procedural boundaries." *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964). As detailed, the Board's conduct does not fall within those boundaries. In *Bokat*, moreover, we explained—in what constitutes a near-perfect response to our jurisdictional inquiry here—that the district courts are not "open to police the procedural purity of the NLRB's proceedings long before the administrative process is over, or for that matter, scarcely begun." *Bokat*, 363 F.2d at 669. And we set out how purported misconduct by the Board is to be dealt with:

> If on §§ 10(e), (f), review of the unfair labor practice order [the Board's action] is demonstrated to have denied due process or statutory rights, the remedy is denial of enforcement of the order or other appropriate relief by the Court of Appeals, not the over-

No. 15-60333

the-shoulder supervision of District Courts who, for that matter,
have a very very minor role to play in this statutory structure.

*Id.* at 673. So too here: Simply alleging that the Board engaged in dishonest conduct did not confer on the district court the authority to "sto[p] the Board in its tracks" and short-circuit the administrative proceedings before they have concluded. *Id.* We hold that the district court correctly concluded that it lacked subject-matter jurisdiction.[3]

## IV.

For the foregoing reasons, we AFFIRM the district court's orders dismissing Sanderson Farms' complaint and enforcing the Board's subpoenas.

---

[3] In addition, we AFFIRM the district court's order enforcing the subpoenas for essentially the same reasons explained in the district court's thorough opinion. *See G.H.R. Energy Corp.*, 707 F.2d at 113 (noting that reversal of a district court's order enforcing an NLRB subpoena is appropriate "only in the most extraordinary of circumstances").